UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

    Petitioner,                                         Case No. 16-14388

v.                                                  HON. AVERN COHN

LORI GIDLEY,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD (Doc. 8) AND DIRECTING RESPONDENT TO PROVIDE ADDITIONAL RULE 5 MATERIALS AND DENYING PETITIONER'S MOTION FOR STAY (Doc. 10)**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Kevin Scott Varner, ("Petitioner"), a state prisoner proceeding *pro se*, challenges his conviction for unlawful possession of controlled substances with intent to deliver, M.C.L.A. 333.7401(2)(a)(iv), and resisting and obstructing a police officer, M.C.L.A. 750.81d(1). Respondent's answer and Rule 5 materials is due on or before June 21, 2017 (Doc. 6).

Before the Court is Petitioner's motion to expand the record (Doc. 8) and for a stay (Doc. 10). For the reasons that follow, the motion to expand the record will be granted and the motion for stay will be denied.

II. Motion to Expand the Record

Petitioner requests that Respondent provide a copy of the DVD recording of the traffic stop in this case that Petitioner claims was executed in violation of the Fourth Amendment. Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254,

provides that the Court "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." The rules further require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts or other evidence be furnished. *See* Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. The decision whether to expand a habeas record is within the sound discretion of the Court. *See* West v. Bell, 550 F.3d 542, 551 (6th Cir. 2008).

Here, Petitioner requests the Court to expand the record to include material which may support his claims. Because this evidence may help resolve any factual disputes, the record shall be expanded to include the DVD recording of the traffic stop.

### III.  Motion for Stay

Petitioner asks the Court to stay his state sentence pending the outcome of his habeas petition. The standard for granting a stay under 28 U.S.C. § 2251 to a habeas petitioner in a non-capital case is the same as the standard for granting preliminary injunctive relief. A court must consider four factors, the first two of which are the most critical:

> 1) the likelihood of irreparable harm to the petitioner without the temporary injunction;
> 2) the likelihood of harm to the Respondent with the injunction;
> 3) the habeas petitioner's likelihood of success on the merits;
> 4) the public interest.

Petitioner says that he is suffering irreparable harm because he is serving a prison sentence. However, petitioners almost always have to serve a prison or jail sentence while their habeas petitions are pending. Petitioner's circumstance is no

2

exception.  Moreover, Petitioner has failed to show, at this time, a likelihood of success on the merits of his petition.

IV.  Conclusion

Petitioner's motion to expand the record (Doc. 8) is GRANTED.  Respondent shall file a copy of the DVD of the traffic stop when it files its answer and other Rule 5 materials.

Petitioner's motion to stay is (Doc. 10) is DENIED.

SO ORDERED.

S/Avern Cohn
    AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2017
       Detroit, Michigan