UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

    Petitioner,                                            Case No. 16-CV-14388

v.                                                              HON. AVERN COHN

LORI GIDLEY,

    Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DISPOSING OF PENDING MOTIONS (Docs. 23, 24, 25)

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kevin Scott Varner, ("Petitioner"), a state prisoner proceeding pro se, challenges his conviction for unlawful possession of controlled substances with intent to deliver, M.C.L. § 333.7401(2)(a)(iv), and resisting and obstructing a police officer, M.C.L. § 750.81d(1). As will be explained, the petition was held in abeyance so Petitioner could exhaust a claim in state court.

Before the Court is Petitioner's motion to reinstate the petition and motion amend the petition and expand the record.[1] See Docs. 24, 25. The motions are GRANTED. See Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons that follow, the petition, as amended, will be denied.

---

[1]Petitioner has also filed a motion for expedited consideration for bond. (Doc. 23). In light of the Court's decision denying habeas relief, these motions are MOOT.

## II. Procedural History

Petitioner was charged with the above offenses following a traffic stop in Baroda Lake Township, Michigan on June 17, 2014.

Petitioner elected to represent himself in the pre-trial proceedings and at trial, with the assistance of stand-by counsel. Prior to trial, petitioner filed a motion to suppress the evidence as the fruit of an illegal search and seizure. An evidentiary hearing was held, after which the trial court denied the motion.

Petitioner proceeded to a jury trial. Prior to the second day of trial, Petitioner filed a motion for reconsideration of the denial of his motion to suppress. The trial court denied the motion. Petitioner was ultimately convicted.

Petitioner's conviction was affirmed by the Michigan Court of Appeals on his appeal of right. People v. Varner, No. 324705, 2016 WL 1072203 (Mich. Ct. App. Mar. 17, 2016); reconsideration den. No. 324705 (Mich.Ct.App. Apr. 27, 2016).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. People v. Varner, 500 Mich. 897 (2016).

Petitioner then filed an application for writ of habeas corpus with this Court, seeking relief on the following grounds:

> I. Petitioner was not provided a full and fair opportunity to litigate his Fourth Amendment claim in state court.
>
> II. Petitioner was patted down for weapons without reasonable suspicion and the frisk went beyond what was necessary to determine if he was armed.
>
> III. Petitioner received ineffective assistance of counsel during the plea-bargaining process in violation of his 6th Amendment right to counsel.
>
> Respondent filed an answer to the petition for writ of habeas corpus. Respondent

argued that petitioner's first two claims were non-cognizable on habeas review. Respondent also argued that petitioner's third claim has not been properly exhausted with the state court. In lieu of dismissing the petition, the Court held the petition in abeyance to permit Petitioner to return to state court to exhaust his third claim. See Doc. 22.

Petitioner now seeks to reinstate and amend his petition. Petitioner has now withdrawn his third claim and seeks to proceed on only his first two claims, claiming a Fourth Amendment violation.

### III. Analysis

In claims I and II, Petitioner essentially says that the trial court erred in denying his motion to suppress the evidence obtained by the police during the traffic stop as being the fruit of an illegal search and seizure. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. See Wynne v. Renico, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Indeed, under Stone, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is

3

simply irrelevant." See Brown v. Berghuis, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar.'" Id. (quoting Gilmore v. Marks, 799 F.2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which Stone v. Powell makes irrelevant.'" Brown, 638 F. Supp. 2d at 812-13 (quoting Siripongs v. Calderon, 35 F. 3d 1308, 1321 (9th Cir. 1994)).

Petitioner argues further that he was denied a full and fair opportunity to litigate his Fourth Amendment claims because (1) he was proceeding pro se, (2) the trial court refused at the suppression hearing to watch the DVD of the search and arrest on the courtroom's 60 inch television, choosing instead to watch it on his laptop computer, (3) the arresting officer committed perjury at the preliminary examination and at the suppression hearing, and (4) the trial court failed to rule on portions of the Fourth Amendment claims raised in Petitioner's motion but not argued at the suppression hearing.

Petitioner's Fourth Amendment claims are barred by Stone. The fact that Petitioner represented himself pro se at the suppression hearing, the trial court's failure to view the videotape of the search and seizure on a big screen television, the officer's alleged perjury, and the trial court's alleged failure to explicitly rule on all aspects of Petitioner's search and seizure claims does not equate to Petitioner not having a full and fair opportunity to litigate his Fourth Amendment claims. See Good v. Berghuis, 729 F.

4

3d 636, 638-640 (6th Cir. 2013) (noting that "[t]he Powell 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.").

Here, Petitioner was able to present his Fourth Amendment claim to the state trial court in his pre-trial motion to suppress and in a mid-trial motion for reconsideration. Petitioner was later able to present his Fourth Amendment claim to the Michigan appellate courts. This is sufficient to preclude review of the claims on habeas review. See Good, 729 F. 3d at 640. Petitioner is therefore not entitled to relief on his claims.

## IV. Conclusion

For the reasons stated above, the petition is **DENIED.** Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [2] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

S/Avern Cohn
AVERN COHN
Dated: September 7, 2017                    UNITED STATES DISTRICT JUDGE
Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

5