UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN SCOTT VARNER,

     Petitioner,                                Case No. 16-14388

v.                                         HON. AVERN COHN

LORI GIDLEY,

     Respondent.
_____/

## ORDER DENYING PETITIONER'S "MOTION FOR AMENDED OR ADDITIONAL FINDINGS AND MOTION TO ALTER OR AMEND JUDGMENT" (Doc. 28).

I.

Kevin Scott Varner, ("Petitioner"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unlawful possession of controlled substances with intent to deliver and resisting and obstructing a police officer. On September 7, 2017, the Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. (Doc. 26).

Before the Court is Petitioner's "Motion for Amended or Additional Findings and Motion to Alter or Amend Judgment." For the reasons that follow, the motion is DENIED.

II.

Petitioner essentially seeks reconsideration of the denial of habeas relief. A Rule 52(b) motion to alter or amend fact findings or conclusions of law is essentially a motion seeking reconsideration of the court's factual findings and legal conclusions. See e.g.

Shivers v. Grubbs, 747 F. Supp. 434, 436 (S.D. Ohio 1990). A motion to alter or amend

judgment by a Petitioner under Rule 59 (e) may likewise be analyzed as a motion for

reconsideration. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

E.D. Mich. LR 7.1 (h) allows a party to file a motion for reconsideration. Under

the rule, a motion for reconsideration may only be granted if the movant demonstrates a

palpable defect by which the court and the parties have been misled and show that

correcting the defect will lead to a different disposition of the case. However, a motion

for reconsideration which presents the same issues already ruled upon by the court,

either expressly or by reasonable implication, will not be granted. Ford Motor Co. v.

Greatdomains.com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

III.

Petitioner argues he was denied a full and fair opportunity to litigate his Fourth

Amendment claims in the state courts because the trial court failed to adjudicate some

of his Fourth Amendment claims. In denying habeas relief, the Court explained that his

Fourth Amendment claims was not subject to habeas review because Petitioner had a

full and fair opportunity to litigate his Fourth Amendment claims in state courts, even if

Petitioner disagreed with the review process. Petitioner's motion presents the same

arguments previously considered and rejected by the Court. As such, he is not entitled

to reconsideration of the denial of his Fourth Amendment claims.

Finally, The Court DECLINES to issue a certificate of appealability because

jurists of reason would not find the Court's resolution of Petitioner's motion. See e.g.,

Amr v. United States, 280 F. App'x 480, 486 (6th Cir. 2008) (requiring a certificate of

appealability from the denial of a motion for reconsideration).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/13/2017
        Detroit, Michigan