UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

    Petitioner,                                  Case No. 16-14388

v.                                              HON. AVERN COHN

LORI GIDLEY,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 35)**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

I. Introduction

Kevin Scott Varner, ("Petitioner"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unlawful possession of controlled substances with intent to deliver and resisting and obstructing a police officer. The Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. (Doc. 26). Petitioner then filed a "Motion for Amended or Additional Findings and Motion to Alter or Amend Judgment" which the Court denied. (Doc. 29). Petitioner has filed a Notice of Appeal. (Doc. 30).

Before the Court is Petitioner's "Motion for relief from Order and Judgment" under Rule 60(b). For the reasons that follow, the motion will be denied.

II. Background

Petitioner raised two Fourth Amendment claims. The Court denied the petition on the grounds that under Stone v. Powell, 428 U.S. 465, 494-95 (1976), Petitioner's claims were

non-cognizable on habeas review because he had a full and fair opportunity to litigate his Fourth Amendment claims in state court.

In his Rule 60(b) motion, Petitioner argues that Stone v. Powell does not apply because he did not raise his Fourth Amendment claims merely to seek the suppression of the cocaine seized in this case, but also to challenge his conviction for resisting and obstructing a police officer. Petitioner argues that the alleged illegality of the search and arrest in this case raises an issue related to his innocence, at least on the resisting and obstructing a police officer conviction.

### III. Discussion

As an initial matter, the Court lacks jurisdiction to consider Petitioner's motion because he has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)(citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)(per curiam)). "After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." Pickens v. Howes, 549 F.3d 377, 381 (6th Cir. 2008). However, "If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief." Id. (quoting Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 359 n. 1 (6th Cir. 2001)).

Here, even assuming the Court had jurisdiction, the Court would not grant Petitioner's motion. The Court has reviewed the original petition for writ of habeas corpus (Doc. 1), the

brief in support of the petition (Doc. 4), and the reply brief. (Doc. 18).  Nowhere did Petitioner argue that the alleged illegality of the search and arrest in this case provided a defense to the resisting and obstructing a police officer conviction or otherwise establish his innocence to the charge.  A Rule 60(b) motion for relief from judgment "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 387 (6th Cir. 2001).  Petitioner thus cannot raise his new argument that his Fourth Amendment claim is cognizable because it establishes his innocence for the first time in his Rule 60(b) motion.

Further, Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment because he has failed to make a substantial showing of the denial of a constitutional right or that the Court's procedural ruling was incorrect.[1]

IV.  Conclusion

For the reasons stated above, Petitioner's motion for relief from judgment is DENIED.  A certificate of appealability is also DENIED.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018
Detroit, Michigan

---

[1]A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the district court has denied a 28 U.S.C. § 2254 petition on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).