UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

    Petitioner,                                                Case No. 16-14388

v.

                                                      HON. AVERN COHN

LORI GIDLEY,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 37) AND DENYING A CERTIFICATE OF APPEALABILITY

I. Introduction

Kevin Scott Varner (Petitioner) filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for unlawful possession of controlled substances with intent to deliver and resisting and obstructing a police officer. The Court denied the petition and declined to issue a certificate of appealability. (Doc. 26). Petitioner then filed a "Motion for Amended or Additional Findings and Motion to Alter or Amend Judgment" which the Court denied. (Doc. 29). Petitioner filed a Notice of Appeal. (Doc. 30). Petitioner then filed a "Motion for relief from Order and Judgment" under Rule 60(b). (Doc. 35). The Court denied the motion and a certificate of appealability (Doc. 36).

Now before the Court is Petitioner's motion for reconsideration of the denial of his motion for relief from judgment (Doc. 37). For the reasons that follow, the motion will be denied.

II. Discussion

As an initial matter, the Court lacks jurisdiction to consider the motion for

reconsideration because Petitioner has filed a notice of appeal. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)(citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)( per curiam )); See also Workman v. Tate, 958 F. 2d 164, 167 (6th Cir. 1992). Because Petitioner filed a notice of appeal, the Court lacks jurisdiction to consider his motion for reconsideration. See Raum v. Norwood, 93 F. App'x. 693, 695 (6th Cir. 2004).

Moreover, assuming the Court has jurisdiction, the motion must be denied. Under E.D. Mich. 7.1 (h), a party may file a motion for reconsideration. A motion for reconsideration may be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and shows that correcting the defect will lead to a different disposition of the case. Id.

In his Rule 60(b) motion, Petitioner argued that the Court erred in concluding that his Fourth Amendment claims were non-cognizable on habeas review, because he did not raise his Fourth Amendment claims merely to seek the suppression of the cocaine seized in this case, but also to challenge his conviction for resisting and obstructing a police officer. The Court denied the motion because Petitioner did not make this argument in his original petition, brief in support of the petition, or in his reply brief and was impermissibly attempting to bring in new facts or arguments in his Rule 60(b) motion.

In his motion for reconsideration, Petitioner says that the Court failed to review the amendment to the brief in support of his petition in which he did argue, albeit briefly, that the illegality of the officer's search and arrest constituted a defense to the resisting and

opposing a police officer charge. (Doc. 12, Pg ID 205). Even if the Court erred in failing to review the amendment to the brief when adjudicating the Rule 60(b) motion, Petitioner is still not entitled to relief from judgment. Habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000). Petitioner has not cited any federal cases which suggest that a Fourth Amendment claim becomes cognizable on habeas review if the challenge to the arrest or search provides an affirmative defense to the charged offense, nor has the Court been able to find any cases which limit Stone v. Powell only to those cases in which a habeas petitioner is seeking the exclusion of evidence based on an allegedly illegal search and seizure. Petitioner is therefore not entitled to relief from judgment.

Finally, a certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. See e.g. Amr v. U.S., 280 F. App'x. 480, 486 (6th Cir. 2008). The Court declines to issue a certificate of appealability because jurists of reason would not find the resolution of the motion for reconsideration to be debatable.

### III. Conclusion

For the reasons stated above, Petitioner's motion for reconsideration is DENIED. A certificate of appealability is DENIED.

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: 4/23/2018
      Detroit, Michigan