UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN SCOTT VARNER,

    Petitioner,                                            Case No. 16-CV-14388

v.                                                      HON. AVERN COHN

LORI GIDLEY,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 48)**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Kevin Scott Varner (Petitioner) filed a pro se petition, challenging his conviction for unlawful possession of controlled substances with intent to deliver and resisting and obstructing a police officer. The Court denied relief. (Doc. 26). As will be explained, Petitioner filed several motions following the denial of habeas relief. Most recently, Petitioner has filed a "Motion for Relief from Judgment and for Indicative Ruling." (Doc. 48).[1] For the reasons that follow, the motion will be denied.

II.

In 2017, the Court denied the petition and declined to issue a certificate of

---

[1]Petitioner also seeks to have the case reopened. This request is not necessary inasmuch as the Court may consider a Rule 60(b) motion after a case is closed.

1

appealability. (Doc. 26). Petitioner then filed a "Motion for Amended or Additional Findings and Motion to Alter or Amend Judgment" which the Court denied. (Doc. 29). Petitioner filed a Notice of Appeal. (Doc. 30). Petitioner then filed a "Motion for Relief from Order and Judgment" under Rule 60(b). (Doc. 35). The Court denied the motion and a certificate of appealability (Doc. 36). Petitioner moved for reconsideration (Doc. 37). The Court denied reconsideration. (Doc. 38). The Court also denied Petitioner's motion for reconsideration of the denial of his motion for relief from judgment (Doc. 37). Petitioner then moved to amend the case caption and for an extension of time to appeal. (Doc. 39). The Court granted the motion to amend and denied Petitioner's motion for an extension of time as moot because the Court construed the motion as a notice of appeal. (Doc. 42). The Court of Appeals for the Sixth Circuit recently denied Petitioner a certificate of appealability, see Doc. 46.

Petitioner then filed the instant motion. Respondent filed an answer, contending that the motion should be denied. (Doc. 50).

III.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

IV.

Petitioner is not entitled to relief under Rule 60(b) because the motion is untimely. Petitioner filed the motion under 60(b)(1), which provides for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." A Rule 60(b)(1) motion is normally required to be filed within one year of the challenged judgment. Fed. R. Civ. P. 60(c)(1). However, a "60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." <u>Yarbrough v. Warden, Lebanon Corr. Inst</u>., No. 16-4083, 2017 WL 3597427, at * 2 (6th Cir. May 25, 2017), <u>cert. denied sub nom. Yarbrough v. Schweitzer</u>, 138 S. Ct. 333 (2017). The time to appeal a civil action is thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A).

Here, Petitioner says that the Court committed a legal error in denying habeas relief by relying on the Sixth Circuit's opinion in <u>Good v. Berghuis</u>, 729 F. 3d 636, 638-40 (6th Cir. 2013), which held that the opportunity for full and fair consideration of a Fourth Amendment claim in the state courts, so as to preclude habeas relief, is defined as an available avenue for the prisoner to present his or her claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

3

In challenging the Court's application of Good, Petitioner's motion is based on legal error. As such, the motion had to be filed within the 30 day time period for filing an appeal. The Court denied the petition on September 7, 2017. Petitioner had until October 7, 2017 to file a Rule 60(b)(1) motion. The motion, signed and dated July 24, 2018, is untimely.

Petitioner is correct that this time limit for filing Rule 60(b)(1) motions is not a jurisdictional bar. See Penney v. United States, 870 F.3d 459, 462 (6th Cir. 2017). A habeas petitioner is permitted to bring an untimely Rule 60(b)(1) motion if he or she can establish that he or she is actually innocent of the crimes charged. Id. at 462-63. However, to make a showing of actual innocence, so as to excuse an untimely Rule 60(b)(1) motion, a petitioner must "produce a Supreme Court or Sixth Circuit precedent that establishes that 'he now stands convicted of a crime that the law does not deem criminal.'" Id. (quoting Phillips v. United States, 734 F.3d 573, 582–83 (6th Cir. 2013)). Petitioner has not shown that he is actually innocent of the crimes that he was convicted. Thus, the motion is still untimely.

Further, Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment because he has failed to make a substantial showing of the denial of a constitutional right or that the Court's procedural ruling was incorrect.[2]

---

[2] A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the district court has denied a 28 U.S.C. § 2254 petition on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

Finally, to the extent Petitioner's seeks to advance claims that the Court previously considered and dismissed on substantive constitutional grounds, it would be the equivalent of a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner must seek permission from the Sixth Circuit should he wish to file a second or successive petition.

    SO ORDERED.

                                                S/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: 10/17/2018
      Detroit, Michigan

---

McDaniel, 529 U.S. 473, 484 (2000).