UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

    Petitioner,

v.

LORI GIDLEY,

    Respondent.

_____/

Case No. 16-14388

HON. AVERN COHN

# MEMORANDUM AND ORDER
## DENYING PETITIONER'S MOTION FOR AMENDED OR ADDITIONAL FINDINGS (Doc. 53)
## AND
## DENYING PETITIONER'S MOTION TO AN EVIDENTIARY HEARING (Doc. 57)
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2016, Kevin Scott Varner (Petitioner) filed a pro se petition, challenging his 2014 convictions for unlawful possession of controlled substances with intent to deliver and resisting and obstructing a police officer. In 2017, the Court denied relief and declined to issue a certificate of appealability. (Doc. 26). As will be explained, Petitioner filed several motions following the denial of habeas relief. Most recently, Petitioner has filed the following motions:

    Motion for Amended or Additional Findings (Doc. 53) and

    Motion to an Evidentiary Hearing (Doc. 57)

    For the reasons that follow, the motions are DENIED.

II.

Following the denial of habeas relief, Petitioner filed a "Motion for Amended or Additional Findings and Motion to Alter or Amend Judgment" which the Court denied. (Doc. 29). Petitioner filed a Notice of Appeal. (Doc. 30). Petitioner then filed a "Motion for Relief from Order and Judgment" under Rule 60(b). (Doc. 35). The Court denied the Rule 60)(b) motion and a certificate of appealability (Doc. 36). Petitioner moved for reconsideration (Doc. 37). The Court denied reconsideration. (Doc. 38). The Court also denied Petitioner's motion for reconsideration of the denial of his motion for relief from judgment (Doc. 37). Petitioner then moved to amend the case caption and for an extension of time to appeal. (Doc. 39). The Court granted the motion to amend and denied Petitioner's motion for an extension of time as moot because the Court construed the motion as a notice of appeal. (Doc. 42). The Court of Appeals for the Sixth Circuit later denied Petitioner a certificate of appealability. See Doc. 46. Petitioner then filed a "Motion for Relief from Judgment and for Indicative Ruling." (Doc. 48). The Court denied the motion. (Doc. 52). The Supreme Court recently denied certiorari. See Docs. 55, 56.

III.

Petitioner's motions essentially seek reconsideration of the denial of habeas relief. A Rule 52(b) motion to alter or amend fact findings or conclusions of law is essentially a motion seeking reconsideration of the court's factual findings and legal conclusions. See e.g. Shivers v. Grubbs, 747 F. Supp. 434, 436 (S.D. Ohio 1990). A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the

2

defect will lead to a different disposition of the case. See E.D. Mich. LR7.1(h)(3); Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004).

Petitioner contends that the Court erred in rejecting his Rule 60(b)(1) motion as untimely and failed to toll the time period while Petitioner's other motions were pending before this Court. Petitioner's motions present the same issues previously ruled upon by the Court in denying the motion for relief from judgment. Thus, he is not entitled to reconsideration or other relief.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. See e.g. Amr v. U.S., 280 F. App'x. 480, 486 (6th Cir. 2008). The Court DENIES a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motions for reconsideration to be debatable.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/15/2019
Detroit, Michigan